JOHN SEQUENZIA ET AL. *v.* GUERRIERI
MASONRY, INC., ET AL.
(SC 18364)

Rogers, C. J., and Norcott, Katz, Palmer, McLachlan, Eveleigh and Vertefeuille, Js.

Argued September 8—officially released November 9, 2010

*Kenneth J. Bartschi*, with whom were *Brendon P. Levesque* and, on the brief, *Nathan J. Buchok*, certified legal intern, for the appellant (named plaintiff).

*William J. Melley III*, for the appellee (named defendant).

NORCOTT, J. The named plaintiff, John Sequenzia (plaintiff), appeals, following our grant of his petition for certification,[1] from the judgment of the Appellate Court, which reversed the trial court's judgment, rendered after a jury trial, awarding the plaintiff damages in the amount of $591,680.85 on his common-law negligence claim against the named defendant, Guerrieri Masonry, Inc. (defendant).[2] *Sequenzia* v. *Guerrieri Masonry, Inc.*, 113 Conn. App. 448, 449, 967 A.2d 508 (2009). On appeal, the plaintiff claims that the Appellate Court improperly decided this case based on a claim of instructional impropriety that the defendant had abandoned by failing to raise it on appeal. We agree with the plaintiff and, accordingly, reverse the judgment of the Appellate Court.

The record and the Appellate Court opinion reveal the following relevant facts that the jury reasonably could have found, and procedural history. "The town of Glastonbury contracted with Hodess Building Company (Hodess) to construct an addition to an assisted living building. Hodess, which acted as the general contractor

---

[1] We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly determine that instructional error required a new trial?" *Sequenzia* v. *Guerrieri Masonry, Inc.*, 292 Conn. 903, 971 A.2d 689 (2009).

[2] "Initially, [the plaintiff] brought this action against [the defendant] and Hodess Building Company (Hodess). Hodess filed a cross complaint against [the defendant]. Prior to trial, Hodess and [the plaintiff] reached a settlement, and [the plaintiff] withdrew his claim against Hodess. Hodess also withdrew its cross complaint against [the defendant]. Diane M. Sequenzia also had brought claims for loss of consortium against [the defendant] and Hodess; a nonsuit, however, was entered on those claims. Wethersfield Building Supply, the employer of [the plaintiff], intervened in the case but did not participate in the trial because it had reached an agreement with [the plaintiff]. Accordingly, the only parties remaining in the case are [the plaintiff] and [the defendant] . . . ." *Sequenzia* v. *Guerrieri Masonry, Inc.*, 113 Conn. App. 448, 449 n.1, 967 A.2d 508 (2009).

for the job, entered into a subcontract with the defendant to perform masonry work on the site. On the morning of November 14, 2003, the plaintiff arrived on site to deliver a truckload of bricks. It was a windy day. A Hodess employee pointed to the area where the plaintiff should deliver the bricks, and the plaintiff moved his truck to that area. Shortly thereafter, Corrado Guerrieri, the owner of the defendant, arrived on site and, seeing that there were power lines nearby, suggested that the plaintiff move his truck because it was too close to the power lines. Despite knowing that there was a sign posted on his truck that stated 'look up keep boom 15 feet from power lines,' the plaintiff responded that he could make the delivery from that location. Using a boom attached to the truck, which was operated through a control box, the plaintiff began to remove the pallets of bricks from the truck, but, during the process, the boom came into contact with the power lines, shocking him and causing very serious injuries. Guerrieri immediately grabbed the control box and pulled it from the plaintiff's hand. There was evidence that the plaintiff's injuries were painful, disfiguring and disabling.

"The plaintiff brought this action against Hodess and the defendant. Prior to trial, Hodess and the plaintiff reached a settlement, and the plaintiff withdrew its claims against Hodess. The case between the plaintiff and the defendant proceeded to be tried on a single count of common-law negligence. The court charged the jury on two specifications of negligence, as alleged in the complaint, one of which was a failure to warn.[3]

[3] "The complaint originally alleged four specifications of negligence. By agreement, two of those specifications were charged out. This left two specifications intact: the failure to warn and an allegation that the defendant directed the plaintiff to operate his truck in an area that did not provide adequate clearance or protection." *Sequenzia* v. *Guerrieri Masonry, Inc.,* supra, 113 Conn. App. 450 n.2.

The jury returned a verdict in favor of the plaintiff, finding the defendant to be 30 percent negligent, Hodess 25 percent negligent and the plaintiff 45 percent negligent. Following the jury's verdict, the defendant renewed its earlier motion for a directed verdict and filed motions for judgment notwithstanding the verdict and for a new trial [posttrial motions], arguing, in part, that the court improperly had charged the jury on the failure to warn specification of common-law negligence and that there was no evidence to support such a charge. The [posttrial] motions were denied." Id., 449–51. Although the trial court noted that the failure to warn charge was improper because there was no evidence to support giving that instruction, the court denied the motion for a new trial "since [the failure to warn charge] was not the sole basis of the plaintiff's claim, and the court charged on alternative grounds on which the defendant could be held liable . . . ."

The defendant appealed from the judgment of the trial court to the Appellate Court. *Sequenzia* v. *Guerrieri Masonry, Inc.*, supra, 113 Conn. App. 449. On appeal, the defendant claimed in its brief that the trial court improperly had: (1) admitted into evidence an excerpt of a contract between the defendant and Hodess; (2) concluded that the excerpt created a duty owed by the defendant to the plaintiff; (3) concluded that the defendant owed a duty to the plaintiff to prevent accidents; (4) allowed the plaintiff to benefit from the contract between the defendant and Hodess; and (5) permitted the plaintiff's counsel to argue outside the scope of rebuttal closing argument.

The Appellate Court did not address the defendant's claims raised in its appellate brief but, instead, determined that the dispositive issue was the instructional impropriety claim raised in its posttrial motions. Id. The Appellate Court reversed the judgment of the trial court

and remanded the case for a new trial, concluding that the trial court improperly had denied the defendant's motion for a new trial on the instructional impropriety claim because "it [was] possible that the jury could have based its verdict on a specification of negligence that was not supported by the evidence . . . ." Id., 456. This certified appeal followed. See footnote 1 of this opinion.

On appeal, the plaintiff argues that the defendant had abandoned the instructional impropriety claim by failing to raise it on appeal to the Appellate Court and, therefore, that the Appellate Court improperly decided the case based on that claim. In response, the defendant contends that, although it had not raised the issue before the Appellate Court, that court properly exercised its supervisory authority to reach the claim because the parties' posttrial briefing and argument were sufficient to alert the plaintiff to this potential appellate claim, and for public policy reasons. We agree with the plaintiff that the Appellate Court improperly reversed the judgment on this ground and, instead, should have decided the appeal based only on the issues properly brought before it.

"We long have held that, in the absence of a question relating to subject matter jurisdiction, the Appellate Court may not reach out and decide a case before it on a basis that the parties never have raised or briefed. . . . To do otherwise would deprive the parties of an opportunity to present arguments regarding those issues." (Citations omitted.) *Sabrowski* v. *Sabrowski*, 282 Conn. 556, 560, 923 A.2d 686 (2007). In the present case, although the defendant raised the instructional impropriety claim in the trial court; *Sequenzia* v. *Guerrieri Masonry, Inc.*, supra, 113 Conn. App. 451; it concedes that it did *not* raise this claim in its brief to the

Appellate Court. The defendant contends, however, that the Appellate Court has the discretion to decide a case on any basis, regardless of whether that claim was raised by the parties. We conclude that the defendant misconstrues the limits of the Appellate Court's authority. "If the Appellate Court decides to address an issue not previously raised or briefed, it may do so only after requesting supplemental briefs from the parties or allowing argument regarding that issue." *State* v. *Dalzell*, 282 Conn. 709, 715, 924 A.2d 809 (2007). Here, it is undisputed that the Appellate Court did not order supplemental briefing or argument on the instructional impropriety claim, which deprived the plaintiff of the opportunity to be heard on this issue before that court.[4]

The defendant seeks to overcome this deficiency by arguing that the parties' posttrial motions and opposition papers filed in the trial court satisfy any applicable briefing requirements. We disagree. The rules of practice require litigants to brief and analyze appellate issues in a clear and specific manner. See Practice Book

---

[4] To the extent that the defendant argues that the Appellate Court properly exercised its discretion when it decided the instructional impropriety claim pursuant to the plain error doctrine, we disagree. First, plain error review applies to issues "not brought to the attention of the trial court." Practice Book § 60-5. There is no dispute that the instructional impropriety claim was briefed and argued before the trial court, and subsequently abandoned on appeal. See *State* v. *Saucier*, 283 Conn. 207, 223, 926 A.2d 633 (2007) ("[a]n unmentioned claim is, by definition, inadequately briefed, and one that is generally . . . considered abandoned" [internal quotation marks omitted]); see also *Grimm* v. *Grimm*, 276 Conn. 377, 393, 886 A.2d 391 (2005), cert. denied, 547 U.S. 1148, 126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006). Second, the Appellate Court made no mention of plain error review in deciding this case. Finally, it was improper, even under the plain error doctrine, for the Appellate Court to decide this claim, sua sponte, without first giving "the parties . . . an opportunity to brief the issue." *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 99, 644 A.2d 325 (1994). Thus, even reviewing the Appellate Court's decision for an abuse of discretion, we conclude that the Appellate Court's remand order for a new trial was improper.

§§ 67-4 (d)[5] and 67-5 (d);[6] see also *Jackson* v. *Water Pollution Control Authority*, 278 Conn. 692, 711, 900 A.2d 498 (2006) ("[w]e consistently have held that [a]nalysis, rather than mere abstract assertion, is

[5] Practice Book § 67-4 provides in relevant part: "The appellant's brief shall contain the following . . .

"(d) The argument, divided under appropriate headings into as many parts as there are points to be presented, with appropriate references to the statement of facts or to the page or pages of the transcript or to the relevant document. The argument on each point shall include a separate, brief statement of the standard of review the appellant believes should be applied.

"(1) When error is claimed in the trial court's refusal to charge the jury as requested, the party claiming such error shall include in the brief of that party or the appendix thereto a verbatim statement of the relevant portions of the charge as requested and as given by the court and any relevant exceptions to the charge as given and shall recite in narrative form any evidence which it is claimed would entitle that party to the charge as requested, with appropriate references to the page or pages of the transcript.

"(2) When error is claimed in the charge to the jury, the brief or appendix shall include a verbatim statement of all relevant portions of the charge and all relevant exceptions to the charge. Unless essential to review of a claimed error, a verbatim statement of the entire charge to the jury should not be included in the brief or appendix. Evidence relevant to the claimed error shall be recited in narrative form with appropriate references to the page or pages of the transcript. . . .

"(5) When the basis of an evidentiary or other ruling referred to in subsection (d) (3) or (d) (4) cannot be understood without knowledge of the evidence or proceeding which preceded or followed the ruling, a brief narrative or verbatim statement of the evidence or proceeding should be made. A verbatim excerpt from the transcript should not be used if a narrative statement will suffice. When the same ruling is repeated, the brief should contain only a single ruling unless the other rulings are further illustrative of the rule which determined the action of the trial court or establish the materiality or harmfulness of the error claimed. The statement of rulings in the brief shall include appropriate references to the page or pages of the transcript. . . ."

[6] Practice Book § 67-5 provides in relevant part: "The brief of the appellee shall contain, in a form corresponding to that stated in Section 67-4, the following . . .

"(d) The argument of the appellee, divided as provided in Section 67-4 (d). The argument on each point shall include a separate, brief statement of the standard of review the appellee believes should be applied. The argument may augment or take exception to the appellant's presentation of rulings or the charge by reference to any relevant part of the court's charge or any other evidence in narrative or verbatim form which is relevant to such question, with appropriate references to the statements of facts or to the page or pages of the transcript or to the relevant document. . . ."

required in order to avoid abandoning an issue by failure to brief the issue properly" [internal quotation marks omitted]). "Those claims of error not briefed are considered abandoned." *Czarnecki* v. *Plastics Liquidating Co.*, 179 Conn. 261, 262 n.1, 425 A.2d 1289 (1979); see also, e.g., *State* v. *Saucier*, 283 Conn. 207, 223, 926 A.2d 633 (2007). Moreover, reliance on the posttrial motions disregards the reasoned decisions of an appellate attorney regarding which issues to present and how to present them—professional judgments that can have a significant effect on the outcome of a case. See, e.g., R. Stern, Appellate Practice in the United States (2d Ed. 1989) § 10.14 (b) and (c), pp. 287–93; W. Maltbie, Connecticut Appellate Procedure (2d Ed. 1957) §§ 325 through 327. Thus, to presume that posttrial motions necessarily include all arguments required for the proper resolution of an issue on appeal deprives the parties of their right to present and argue that issue before an appellate court. Accordingly, we conclude that the Appellate Court improperly decided the case based on the instructional impropriety claim, which had been abandoned by the defendant.

The judgment of the Appellate Court is reversed and the case is remanded to that court for consideration of the claims that the defendant raised in that court.

In this opinion the other justices concurred.