******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PANFILIO GUGLIEMI ET AL. *v.* WILLOWBROOK
CONDOMINIUM ASSOCIATION, INC.
(AC 35557)

Alvord, Keller and Peters, Js.

*Argued May 20—officially released July 29, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Hon. Richard M. Rittenband, judge trial
referee.)

*Matthew S. Carlone*, for the appellants (plaintiffs).

*Anita M. Varunes*, with whom was *Jesalyn Cole*, for
the appellee (defendant).

*Opinion*

KELLER, J. The plaintiffs, Panfilio Gugliemi and David Babych, appeal from the judgment of the trial court rendered in favor of the defendant, Willowbrook Condominium Association, Inc. (Willowbrook), following a trial to the court. In this appeal, the plaintiffs claim that the court improperly determined that: (1) the action was barred by the two year statute of limitations contained in General Statutes § 52-584; (2) the action was barred by the three year statute of repose contained in § 52-584; and (3) the plaintiffs did not suffer any damages as a matter of law. The plaintiffs also contend that the court erred by failing to consider evidence of the plaintiffs' property damage. We conclude that the first issue raised by the plaintiffs is dispositive of this appeal, and that the court properly determined that the plaintiffs' action is barred by the two year statute of limitations prescribed by § 52-584. We therefore affirm the judgment of the trial court.[1]

The following facts and procedural history are relevant to this appeal. Babych owned unit number six of the Willowbrook condominium complex from 2007 through 2010, when he sold it to Gugliemi.[2] Gugliemi occupied the unit during the period of time relevant to this appeal. Sometime during the summer of 2007, Gugliemi discovered that a water spigot situated near his condominium unit and part of the Willowbrook condominium complex' common elements had begun to leak. Gugliemi testified that he first noticed the leak when the hose was taken off the spigot, such that there was no water pressure, and, as a result of the leak, water flowed into the basement of the condominium unit that he occupied.[3] At that time, Gugliemi complained to Maryanne Allen, his neighbor and the manager of Willowbrook. Allen asked Gugliemi to put his complaint in writing; she also stated that Willowbrook would fix the leaking water spigot. Gugliemi discovered mold and water damage in the basement of the condominium unit in October, 2009. He did not send a written complaint to Willowbrook, however, until February 1, 2010.

On January 31, 2011, the plaintiffs commenced this two count action. The plaintiffs twice amended their complaint. The first count was pleaded as a negligence action. The second count was brought under General Statutes § 47-278 (a), which provides in relevant part: "A declarant, association, unit owner or any other person subject to this chapter may bring an action to enforce a right granted or obligation imposed by this chapter, the declaration or the bylaws. . . ." The defendant, in its answer to the amended complaint, pleaded five special defenses; the only special defense that is relevant for present purposes is that the action is barred by the statute of limitations under § 52-584.

Following three days of testimony, the court, *Hon. Richard M. Rittenband*, judge trial referee, issued a memorandum of decision on March 28, 2013. The court concluded that the plaintiffs' action was barred by the statute of limitations because the statute began to run in 2007 and the action was not brought until 2011, which was outside the two year period provided for under § 52-584. The court reasoned that Gugliemi suffered actionable harm in 2007 because "[t]he plaintiffs were aware of a leak in the unit in 2007, and the court finds this to be the injury for purposes of [§] 52-584." The court also concluded that the statute of limitations was not tolled by the continuing course of conduct doctrine and that the plaintiffs' action also was not timely under the three year statute of repose provided for under § 52-584. Accordingly, the court rendered judgment in favor of the defendant. This appeal followed.

The dispositive issue raised in this appeal is the plaintiffs' claim that the court erred in concluding that the action was barred by the two year statute of limitations set forth in § 52-584. Specifically, they argue that the court "misconstrued what constituted 'actionable harm'" and, thus, "erred by finding that the statute of limitations began to run on the date that . . . Gugliemi first discovered the leaking water spigot rather than the date that . . . Gugliemi discovered the water and mold damage to his property." We disagree.

Section 52-584 provides in relevant part: "No action to recover damages for injury to . . . real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." "When applying § 52-584 to determine whether an action was timely commenced, this court has held that an injury occurs when a party suffers some form of actionable harm. . . . Actionable harm occurs when the plaintiff discovers . . . that he or she has been injured and that the defendant's conduct caused such injury. . . . The statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof. . . . The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories." (Internal quotation marks omitted.) *Rosato* v. *Mascardo*, 82 Conn. App. 396, 404–405, 844 A.2d 893 (2004).

"[T]he question of whether a party's claim is barred by the statute of limitations is a question of law, which this court reviews de novo." (Internal quotation marks omitted.) *Certain Underwriters at Lloyd's, London* v. *Cooperman*, 289 Conn. 383, 407–408, 957 A.2d 836 (2008). Determining when a plaintiff suffers actionable harm, however, is ordinarily a question of fact. *Tarnow-*

*sky* v. *Socci*, 271 Conn. 284, 288, 856 A.2d 408 (2004). "[When] the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Internal quotation marks omitted.) *Saunders* v. *Firtel*, 293 Conn. 515, 535, 978 A.2d 487 (2009). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *D'Amato Investments, LLC* v. *Sutton*, 117 Conn. App. 418, 426, 978 A.2d 1135 (2009).

To resolve this appeal, we must determine whether the trial court properly found that the plaintiffs suffered actionable harm in the summer of 2007 when Gugliemi complained to Allen. The plaintiffs contend that this determination was erroneous. They contend that the statute of limitations began to run in 2009 when Gugliemi first discovered mold and water damage in the condominium unit's basement. This assertion, however, is belied by Gugliemi's own admissions at trial. Gugliemi testified that he noticed the spigot leaking in 2007, and that he observed water leaking into the basement of the condominium unit at that time. When he could not stop the spigot from leaking, Gugliemi informed Allen of the issue. Despite the spigot not being fixed, Gugliemi continued to use the spigot in the summer of 2007 and beyond. Later he testified that in 2007, he saw water leaking inside his unit and could have shut the spigot off at that time, but chose not to do so. Therefore, Gugliemi's testimony was sufficient for the court to find that the plaintiffs suffered actionable harm in 2007 when Gugliemi first observed water seeping into the basement of the condominium unit.

To the extent that the plaintiffs contend that they did not suffer actionable harm until 2009 "when Gugliemi discovered the mold and water damage" to the condominium unit's basement, we reiterate what this court stated in *Rosato*: "The statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof." (Internal quotation marks omitted.) *Rosato* v. *Mascardo*, supra, 82 Conn. App. 405. The mold may be the "fullest manifestation" of the plaintiffs' harm, but according to Gugliemi's own admissions, actionable harm occurred in the summer of 2007. Moreover, even though Gugliemi claimed not to have seen the mold or water damage until October, 2009, the court found his testimony not to be credible, and we have no basis to conclude that the court's implicit determination that this damage should have been discovered sooner through the exercise of reasonable care; see General Statutes § 52-584; is clearly erroneous.

We conclude therefore that the trial court's factual determination that the plaintiffs suffered actionable harm in 2007 is not clearly erroneous. Given that conclusion, the statute of limitations applicable to the plaintiffs' negligence action began to run in the summer of 2007 when they first became aware of the water leaking into the condominium unit. The period in which the plaintiffs could bring an action expired two years thereafter, in the summer of 2009. See General Statutes § 52-584. Therefore, the plaintiffs' 2011 action was untimely, and the trial court properly rendered judgment in favor of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Even though the plaintiffs appeal from the judgment in its entirety, no claims that would undermine the court's judgment as to count two of the plaintiffs' complaint are raised in this appeal. Therefore, all claims as to the court's judgment pertaining to count two of the complaint are abandoned. See *Sequenzia* v. *Guerrieri Masonry, Inc.*, 298 Conn. 816, 824, 9 A.3d 322 (2010). Additionally, because we conclude that the two year statute of limitations is dispositive of the plaintiffs' appeal, we do not review any other issues decided by the court and raised by the plaintiffs on appeal.

[2] The record reflects that Babych owned the condominium unit that Gugliemi, his father-in-law, occupied at all relevant times, and that Babych sold the unit to Gugliemi in 2010. A mortgage on the property was executed by Babych and subsequently assumed by Gugliemi. Gugliemi paid the condominium fees and homeowner's insurance premiums when he occupied the unit. Babych has executed a power of attorney authorizing Gugliemi to act and speak on his behalf in connection with this action.

[3] The court found that both plaintiffs were aware of the leak in the unit in 2007, and this factual finding is not challenged on appeal.