******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

STATE OF CONNECTICUT *v.* JOSEPH A.
STEPHENSON
(SC 20272)

Robinson, C. J., and McDonald, D'Auria,
Mullins, Kahn, Ecker and Keller, Js.

*Syllabus*

Convicted of burglary in the third degree, attempt to commit tampering
with physical evidence, and attempt to commit arson in the second
degree in connection with a break-in at a courthouse in Norwalk, the
defendant appealed to the Appellate Court. The defendant had entered
the office of two assistant state's attorneys located in the courthouse
by breaking a window. One of those attorneys was scheduled to begin
jury selection for a criminal trial against the defendant two days after
the break-in occurred. Immediately after the break-in, various case files
were discovered in a state of disarray in a common area located outside
of the attorneys' office, and the police found a bag containing bottles
of kerosene nearby. On appeal to the Appellate Court, the defendant
claimed, inter alia, that the evidence was insufficient to allow a reason-
able inference that the defendant believed that the case files for his
criminal case that were found in disarray contained "evidence," as that
term was used in the broader definition of "physical evidence," as
defined by statute (§ 53a-146 (8)). The Appellate Court reversed the
trial court's judgment, albeit on the alternative ground that there was
insufficient evidence for the jury to have reasonably concluded that the
defendant intended to tamper with any case files or their contents. The
Appellate Court expressly recognized that this issue was distinct from
the defendant's sufficiency argument relating to the scope of items
subject to the prohibition contained in the statute (§ 53a-155) under
which the defendant was charged in connection with his alleged attempt
to tamper with physical evidence. On the granting of certification, the
state appealed to this court. *Held* that the Appellate Court improperly
addressed, sua sponte, an issue of evidentiary sufficiency that was dis-
tinct from the defendant's claim, without calling for supplemental brief-
ing as required by *Blumberg Associates Worldwide, Inc.* v. *Brown &
Brown of Connecticut, Inc.* (311 Conn. 123): the defendant never raised
the particular claim of evidentiary sufficiency the Appellate Court
addressed, and, because the sufficiency of the evidence on the question
of identity was not challenged, the state had no occasion to brief the
issue of whether it had established a connection between the defendant's
conduct and the case files found in disarray; moreover, because the
sufficiency claim raised by the defendant challenged only whether the
jury could have reasonably inferred that his case files contained physical
evidence covered by § 53a-155, the state was never called on to apply
a sufficiency standard to the distinct issue that the Appellate Court
resolved, that is, whether the defendant had intended to alter, remove,
conceal or destroy the case files; accordingly, because the Appellate
Court failed to afford the parties an opportunity to brief or argue the
issue that ultimately proved to be dispositive in that court's analysis,
its reversal of the trial court's judgment of conviction was improper.

Argued September 9—officially released December 18, 2020*

*Procedural History*

Substitute information charging the defendant with
the crimes of burglary in the third degree, attempt to
commit tampering with physical evidence, and attempt
to commit arson in the second degree, brought to the
Superior Court in the judicial district of Stamford-Nor-
walk, geographical area number twenty, and tried to
the jury before *White, J.*; verdict and judgment of guilty,
from which the defendant appealed to the Appellate

Court, *Sheldon*, *Bright* and *Mihalakos*, *Js.*, which reversed the trial court's judgment and remanded the case to that court with direction to render a judgment of acquittal; thereafter, the state, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Sarah Hanna*, senior assistant state's attorney, with whom, on the brief, were *Richard Colangelo*, chief state's attorney, *Paul J. Ferencek*, state's attorney, and *Michelle Manning*, senior assistant state's attorney, for the appellant (state).

*Vishal K. Garg*, for the appellee (defendant).

*Opinion*

KAHN, J. The state, on the granting of certification, appeals from the judgment of the Appellate Court, which reversed the judgment of the trial court convicting the defendant, Joseph A. Stephenson, of the crimes of burglary in the third degree, attempt to commit tampering with physical evidence, and attempt to commit arson in the second degree in connection with a break-in at the Superior Court for the judicial district of Stamford-Norwalk, geographical area number twenty, which is located in Norwalk. See *State* v. *Stephenson*, 187 Conn. App. 20, 39, 201 A.3d 427 (2019). The state claims, inter alia, that the Appellate Court improperly addressed an issue of evidentiary sufficiency sua sponte without calling for supplemental briefing as required by *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 84 A.3d 840 (2014) (*Blumberg*). We agree and, accordingly, reverse the judgment of the Appellate Court.

The following facts and procedural history are relevant to our resolution of the present appeal. A silent alarm at the courthouse was triggered at around 11 p.m. on Sunday, March 3, 2013, when the defendant entered the state's attorney's office by breaking a window on the building's eastern side.[1] Although the police were able to respond in about ninety seconds, the defendant successfully evaded capture by running out of a door on the building's southern side. Footage from surveillance cameras introduced by the state at trial show that the defendant was inside of the building for slightly more than three minutes. In the investigation that followed, the police determined that the broken window belonged to an office shared by two assistant state's attorneys. One of those attorneys was scheduled to commence jury selection for a criminal trial against the defendant on certain felony charges only two days after the break-in occurred. No other cases were scheduled to begin jury selection that week. Immediately after the break-in, various case files were discovered in an apparent state of disarray at the northern end of a central, common area located outside of that room. Specifically, several files were found sitting askew on top of a desk with two open drawers; still other files were scattered on the floor below in an area adjacent to a horizontal filing cabinet containing similar files. Photographs admitted as full exhibits clearly show labels on these files reading "TUL" and "SUM." Finally, in a short hallway at the opposite end of that same common area, the police found a black bag containing six bottles of industrial strength kerosene with their UPC labels cut off. The bag and its contents were swabbed, and a report subsequently generated by the Connecticut Forensic Science Laboratory included the defendant's genetic profile as a contributor to a mixture of DNA discovered as a result.

Various other components of the state's case against

the defendant warrant only a brief summary. The day after the break-in, the defendant called the public defender's office at the Norwalk courthouse to ask whether the courthouse was open and whether he was required to come in that day. The state also submitted evidence showing that the defendant drove a 2002 Land Rover Freelander with an aftermarket push bumper, a roof rack, and a broken taillight, and that surveillance videos from the area showed a similar vehicle driving by the courthouse repeatedly in the hours leading up to the break-in. Finally, the state submitted recordings of various telephone calls the defendant made after he had been taken into custody as a result of his conviction on the criminal charges previously pending against him in Norwalk. During one such telephone call, the defendant asked his brother, Christopher Stephenson, to get rid of "bottles of things" for a heater, speculated about how the police located the vehicle, and attempted to arrange an alibi.

The defendant was tried before a jury on charges of burglary in the third degree in violation of General Statutes § 53a-103, attempt to commit tampering with physical evidence in violation of General Statutes § 53a-49 (a) (2) and General Statutes (Rev. to 2013) § 53a-155 (a) (1), and attempt to commit arson in the second degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-112 (a) (1) (B). The jury returned a verdict finding the defendant guilty of each of these offenses, and the trial court subsequently rendered a judgment in accordance with that verdict.

The defendant appealed from that judgment to the Appellate Court, raising several distinct claims of error.[2] In the final three pages of his principal brief to that court, the defendant raised the following single, relatively narrow claim relating to the sufficiency of the state's proof with respect to the charge that he attempted to tamper with physical evidence: "The state failed to show that any materials in the state's attorney's case file for the defendant's criminal case constituted 'evidence' as defined by [General Statutes] § 53a-146 (8); *the evidence was insufficient to allow a reasonable inference that the defendant believed the file contained evidence.*" (Emphasis added.) This claim challenged the judgment of conviction by arguing that, even if the defendant did rummage through the case files that evening, certain evidentiary deficiencies left the jury to "speculate" that he had acted with an intent to tamper with a particular type of document—namely, that within the ambit of § 53a-155 (a) (1).[3] Put differently, the defendant contended that the state had failed to submit adequate proof to allow reasonable inferences about the precise nature of the items contained within his case files. The state responded to this argument by briefing issues of statutory construction relating to the meaning of §§ 53a-146 (8) and 53a-155.

The Appellate Court ultimately reversed the trial court's judgment on a different ground, based on its conclusion that there was insufficient evidence for the jury to have reasonably concluded that the defendant intended to tamper with any case files or their contents at all. See *State* v. *Stephenson*, supra, 187 Conn. App. 39. Specifically, the Appellate Court framed the dispositive question before it as whether the evidence "was insufficient to prove that [the defendant] . . . acted with the intent to tamper with physical evidence within the courthouse *because the state failed to establish any connection between his proven conduct within the courthouse and any of the files or materials with which he is claimed to have had the intent to tamper.*" (Emphasis added.) Id., 34. The Appellate Court answered that question in the affirmative, concluding that the "single fact" that there was "a disorganized pile of files on the floor" was "insufficient for the jury to infer that the defendant ever touched any case files in the state's attorney's office . . . let alone pulled case files out of any file cabinet or off any desk, shelf or table, or that he went through such files for any purpose, much less that he took any steps to alter, remove, conceal or destroy the files or their contents as or after he went through them."[4] Id., 35–36. In reaching its decision, the Appellate Court expressly recognized that the issue was distinct from the defendant's sufficiency argument relating to the scope of items subject to the prohibition contained in § 53a-155. Id., 30 n.4.

In *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, supra, 311 Conn. 128, this court concluded, "with respect to the propriety of a reviewing court raising and deciding an issue that the parties themselves have not raised, that the reviewing court (1) must do so when that issue implicates the court's subject matter jurisdiction, and (2) has the discretion to do so if (a) exceptional circumstances exist that would justify review of such an issue if raised by a party, (b) the parties are given an opportunity to be heard on the issue, and (c) there is no unfair prejudice to the party against whom the issue is to be decided." The state claims that the Appellate Court's decision in the present case violated this mandate by raising a different claim of evidentiary sufficiency sua sponte, without calling for supplemental briefing from the parties. For the reasons that follow, we agree.

We note at the outset that, although this court applies an abuse of discretion standard to the question of whether the Appellate Court properly addressed an issue that was never raised by the parties; see *Diaz* v. *Commissioner of Correction*, 335 Conn. 53, 58, 225 A.3d 953 (2020); we engage in plenary review as to the predicate question of whether a particular claim of error was, in fact, raised during the course of a prior appeal. See, e.g., *State* v. *Connor*, 321 Conn. 350, 363, 138 A.3d

265 (2016).

Our review in the present case indicates that the defendant never raised the particular claim of evidentiary sufficiency addressed by the Appellate Court. First, the defendant's own recitation of the facts in his principal brief to the Appellate Court affirmatively stated the following: "[T]he jury reasonably could have found the following facts concerning a break-in at the Norwalk courthouse. . . . While inside, the perpetrator removed files from a file cabinet, which were found scattered on the floor near the state's attorney's secretary's desk." Because the sufficiency of the evidence on the question of identity was not challenged; see *State* v. *Stephenson*, supra, 187 Conn. App. 30, 34; the state simply had no occasion to brief the question of whether it had established a "connection" between the defendant's "proven conduct" and the case files found scattered on the floor. Second, because the sufficiency claim raised by the defendant challenged only whether the jury could have reasonably inferred that his case files contained physical evidence protected by § 53a-155, the state was never called upon to apply a sufficiency standard to the distinct question, raised by the Appellate Court, of whether the defendant had, in the first instance, intended to "alter, remove, conceal or destroy" the case files at all.

It is, of course, beyond question that the Appellate Court possesses discretion to raise issues pertaining to the sufficiency of evidence sua sponte. See, e.g., *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, supra, 311 Conn. 128. It is equally well established, however, that it may do so only after providing the parties with a meaningful opportunity to address the question through supplemental briefing. See, e.g., *State* v. *Dort*, 315 Conn. 151, 161, 106 A.3d 277 (2014) ("[i]f the Appellate Court decides to address an issue not previously raised or briefed, it may do so only after requesting supplemental briefs from the parties or allowing argument regarding that issue" (internal quotation marks omitted)); *Haynes* v. *Middletown*, 306 Conn. 471, 474, 50 A.3d 880 (2012) (same). Because the Appellate Court failed to afford the parties an opportunity to brief or argue the issue that ultimately proved to be dispositive in its analysis, its reversal of the trial court's judgment of conviction was improper.

We find the defendant's arguments to the contrary in the present appeal to be unpersuasive. First, the defendant posits that the Appellate Court was not required to call for supplemental briefing because it merely adopted a separate line of legal reasoning. See *Finkle* v. *Carroll*, 315 Conn. 821, 837 n.14, 110 A.3d 387 (2015) (concluding that supplemental briefing was not required under *Blumberg* for "an amplification and logical extension of the defendants' argument"). The evidentiary deficiency analyzed in the Appellate Court's

decision was conceptually distinct from the one pursued by the defendant in his brief to that court. Specifically, the Appellate Court concluded that the state's proof was insufficient for the jury to have reasonably concluded that the defendant's conduct was connected to the files scattered at the northern end of the office or that, even if he did physically disturb those files, he had ultimately intended to tamper with them within the meaning of § 53a-155. See *State* v. *Stephenson*, supra, 187 Conn. App. 39. The defendant, however, only claimed that the evidence admitted at trial was insufficient for the jury to make reasonable inferences about the *contents* of his case files. Although both of these issues relate, at the broadest level, to the question of whether the defendant intended to tamper with physical evidence, the claims address distinct evidentiary deficiencies. Cf. *State* v. *Connor*, supra, 321 Conn. 368.

Second, the defendant argues that the Appellate Court was not required to call for supplemental briefing because the dispositive claim was preserved at trial. Our case law reveals that this argument must fail. See *Sequenzia* v. *Guerrieri Masonry, Inc.*, 298 Conn. 816, 821–22, 9 A.3d 322 (2010) ("[A]lthough the defendant raised the instructional impropriety claim in the trial court . . . it concedes that it did not raise this claim in its brief to the Appellate Court. The defendant contends, however, that the Appellate Court has the discretion to decide a case on any basis, regardless of whether that claim was raised by the parties. We conclude that the defendant misconstrues the limits of the Appellate Court's authority. If the Appellate Court decides to address an issue not previously raised or briefed, it may do so only after requesting supplemental briefs from the parties or allowing argument regarding that issue. . . . Here, it is undisputed that the Appellate Court did not order supplemental briefing or argument on the instructional impropriety claim, which deprived the plaintiff of the opportunity to be heard on this issue before that court." (Citations omitted; emphasis omitted; internal quotation marks omitted.)), overruled in part on other grounds by *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 84 A.3d 840 (2014); *State* v. *Dalzell*, 282 Conn. 709, 715–17, 924 A.2d 809 (2007) (concluding that Appellate Court improperly addressed preserved claim not raised on appeal without ordering supplemental briefing), overruled in part on other grounds by *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 84 A.3d 840 (2014);[5] cf. *In re Joseph W.*, 301 Conn. 245, 255, 21 A.3d 723 (2011) (ordering supplemental briefing where preserved claim was not raised on appeal).

We emphasize that "[o]ur system [is] an adversarial one in which the burden ordinarily is on the parties to frame the issues, and the presumption is that issues not raised by the parties are deemed waived." *Blumberg*

*Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, supra, 311 Conn. 164. When the Appellate Court exercises its discretion to deviate from that general principle, it must afford the parties an opportunity to be heard. See *Bloom* v. *Zoning Board of Appeals*, 233 Conn. 198, 205, 658 A.2d 559 (1995) ("[a] fundamental premise of due process is that a court cannot adjudicate any matter unless the parties have been given a reasonable opportunity to be heard on the issues involved"). Its failure to do so in the present case necessitates remand. See, e.g., *Diaz* v. *Commissioner of Correction*, supra, 335 Conn. 60–61 (concluding that Appellate Court improperly raised and decided issue without providing parties with opportunity to be heard and remanding case for further proceedings notwithstanding fact that issue had been fully briefed on appeal); *Haynes* v. *Middletown*, supra, 306 Conn. 474–75 (same); see also *State* v. *Connor*, supra, 321 Conn. 368, 374–75 (concluding that Appellate Court improperly raised and decided issue without providing parties with opportunity to be heard and remanding case for consideration of claims actually raised because defendant failed to advance any argument in response to state's colorable claim of prejudice).[6] We, therefore, remand the present case to the Appellate Court in order to address the claims raised by the defendant in his initial appeal. If, during that proceeding, the Appellate Court chooses to exercise its discretion to reach the sufficiency issue raised in its previous decision, it must do so in a manner consistent with this court's decision in *Blumberg*.

The judgment of the Appellate Court is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other justices concurred.

* December 18, 2020, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] Although the defendant advanced an alibi defense at trial, he did not challenge the sufficiency of the state's evidence with respect to identity either before the Appellate Court; see *State* v. *Stephenson*, supra, 187 Conn. App. 30, 34; or this court.

[2] On appeal to the Appellate Court, the bulk of the defendant's principal brief pertained to an unrelated evidentiary claim. The defendant also raised two separate sufficiency claims relating to the charge of attempt to commit arson in the second degree. Although the defendant renews these claims of error in the present appeal as alternative grounds for affirmance, their existence is irrelevant to the question of whether the Appellate Court's decision violated the precepts of *Blumberg*.

[3] General Statutes (Rev. to 2013) § 53a-155 (a) provides: "A person is guilty of tampering with or fabricating physical evidence if, believing that an official proceeding is pending, or about to be instituted, he: (1) Alters, destroys, conceals or removes any record, document or thing with purpose to impair its verity or availability in such proceeding; or (2) makes, presents or uses any record, document or thing knowing it to be false and with purpose to mislead a public servant who is or may be engaged in such official proceeding."

[4] In reaching this conclusion, the Appellate Court relied in part on the absence of evidence that would have shown a completed offense. See *State* v. *Stephenson*, supra, 187 Conn. App. 38 ("[n]o evidence was presented that any case file was altered, destroyed, concealed or removed in any way").

[5] In *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, supra, 311 Conn. 162 n.34, we overruled *Sequenzia* and *Dalzell*

only to the extent that those cases stood for the proposition that supplemental briefing is "the sole condition for [a] reviewing court to raise a new issue sua sponte pursuant to its supervisory power . . . ." Such a conclusion cannot, however, be read to imply that supplemental briefing is not required at all.

[6] The defendant claims that his continued incarceration would be unjust and asks us to exercise our supervisory authority to order his release pending the resolution of his appeal. The use of that power is, however, limited to the most extraordinary cases. See, e.g., *State* v. *Edwards*, 314 Conn. 465, 498–99, 102 A.3d 52 (2014). The defendant has provided no reason to distinguish the present case from other criminal appeals in which an uninvited error committed by either the Appellate Court or the trial court necessitates further proceedings.