JAMELL SAVAGE *v.* COMMISSIONER
OF CORRECTION
(AC 30687)

Lavine, Alvord and Bear, Js.

Submitted on briefs May 26—officially released July 27, 2010

*Robert J. McKay*, special public defender, filed a brief for the appellant (petitioner).

*Gail P. Hardy*, state's attorney, *Mitchell S. Brody*, senior assistant state's attorney, and *Brenda Hans*, deputy assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Jamell Savage, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his second amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claim that his trial counsel rendered ineffective assistance. More specifically, the petitioner claims that there was merit to his claim of ineffective assistance of trial counsel because counsel failed to file and to prosecute adequately a motion for a speedy trial and a motion to dismiss, and, therefore, the court should have granted his habeas

petition or, at a minimum, granted his petition for certification to appeal.[1] We dismiss the appeal.

After pleading guilty pursuant to the *Alford* doctrine; see *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); the petitioner was convicted of sexual assault in the first degree pursuant to General Statutes § 53a-70, and the court sentenced him to a term of fifteen years incarceration, execution suspended after six years, with ten years probation. Approximately sixteen months later, the petitioner filed a petition for a writ of habeas corpus, followed by a second amended petition. Following a hearing on the second amended petition, the court, *Nazzaro, J.*, denied the petition and, finding no merit to the petitioner's claims, then denied the petition for certification to appeal. This appeal followed.

The petitioner claims that trial counsel provided ineffective assistance by failing to file and to prosecute adequately a motion for a speedy trial followed by a motion to dismiss.[2] After a hearing, the habeas court considered the petitioner's claim and rejected it, specifically finding that the petitioner had failed to prove that he was prejudiced by counsel's alleged failures. Concluding that the petitioner was unable to prove prejudice, the court did not consider whether counsel's performance was deficient.

After carefully reviewing the record and briefs, we conclude, as a matter of law, that the petitioner waived his right to raise this claim when he pleaded guilty under the *Alford* doctrine. "A guilty plea is not invalid

---

[1] Insofar as the petitioner attempts to set forth any other claims regarding counsel's alleged ineffectiveness, such claims have not been presented or briefed adequately, and, therefore are deemed abandoned. See *Johnson* v. *Commissioner of Correction*, 288 Conn. 53, 55 n.2, 951 A.2d 520 (2008) (determining claim abandoned due to inadequate briefing).

[2] The petitioner makes no claim that these alleged failures resulted in his having made an unknowing, involuntary or unintelligent plea.

whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged. . . . A plea of guilty, voluntarily and knowingly made, waives all nonjurisdictional defects and defenses in the proceedings preliminary thereto." (Citation omitted; internal quotation marks omitted.) *Szarwak* v. *Warden*, 167 Conn. 10, 22, 355 A.2d 49 (1974).

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett* v. *Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). In general, the only allowable challenges after a plea are those relating either to the voluntary and intelligent nature of the plea or the exercise of the trial court's jurisdiction." (Internal quotation marks omitted.) *State* v. *Hanson*, 117 Conn. App. 436, 456, 979 A.2d 576 (2009), cert. denied, 295 Conn. 907, 989 A.2d 604 (2010).

Accordingly, although our decision rests on a ground different from that of the habeas court; see *Stevens* v. *Commissioner of Correction*, 112 Conn. App. 385, 394, 963 A.2d 62 (2009) (affirming holding that petitioner failed to prove prejudice but on grounds different from habeas court); we, nonetheless, are not convinced that the issues presented in this appeal are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616,

646 A.2d 126 (1994). We conclude, therefore, that the petitioner has failed to establish that the court abused its discretion in denying the petition for certification to appeal.

The appeal is dismissed.