******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# RAUL DIAZ *v.* COMMISSIONER OF CORRECTION
## (AC 39651)

DiPentima, C. J., and Elgo and Bear, Js.

*Syllabus*

The petitioner, who had been convicted, on a guilty plea, of the crime of home invasion, sought a writ of habeas corpus, claiming, inter alia, that his trial counsel provided ineffective assistance. The habeas court, after a trial, rendered judgment denying the habeas petition, from which the petitioner, on the granting of certification, appealed to this court. On appeal, he claimed that his trial counsel rendered ineffective assistance by failing to file a motion to dismiss the home invasion charge, to which he had pleaded guilty pursuant to *North Carolina* v. *Alford* (400 U.S. 25), on the ground that the charge was duplicative of a charge of burglary in the first degree in the substitute information. *Held* that the habeas court properly denied the habeas petition; as a matter of law, the petitioner waived his claim that his trial counsel was ineffective in failing to file a motion to dismiss the home invasion charge when he pleaded guilty to the home invasion charge pursuant to the *Alford* doctrine and his plea was accepted by the trial court, and he made no claim that his plea was not made knowingly, intelligently, or voluntarily, nor did he allege a jurisdictional defect.

Argued September 13—officially released October 30, 2018

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Oliver, J.*; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Deren Manasevit*, for the appellant (petitioner).

*Melissa Patterson*, assistant state's attorney, with whom, on the brief, were *Matthew Gedansky*, state's attorney, and *David Carlucci*, assistant state's attorney, for the appellee (respondent).

*Opinion*

BEAR, J. The petitioner, Raul Diaz, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court erroneously denied his ineffective assistance of counsel claim. Specifically, the petitioner claims that his trial counsel rendered ineffective assistance by failing to file a motion to dismiss a home invasion charge, to which he pleaded guilty pursuant to the *Alford* doctrine.[1] We affirm the judgment of the habeas court.

The following factual and procedural background is relevant to our resolution of the petitioner's appeal.[2] On October 27, 2011, the petitioner entered the Ellington home of the seventy-seven year old victim when he was not there. While the petitioner was still in the home, the victim returned. The petitioner asked the victim to step aside so that he could flee the home, but the victim refused. The petitioner struck the victim with a jewelry box, resulting in a laceration on his head and a broken nose and cheekbone. After taking the victim's wallet and car keys, the petitioner fled in the victim's car, but was later apprehended.

The petitioner was charged in a substitute information with two counts of home invasion in violation of General Statutes § 53a-100aa,[3] two counts of burglary in the first degree in violation of General Statutes § 53a-101 (a) (1) and (2), one count of larceny in the third degree in violation of General Statutes § 53a-124, one count of larceny in the fourth degree in violation of General Statutes § 53a-125, one count of assault in the second degree in violation of General Statutes § 53a-60b, and one count of robbery in the first degree involving a dangerous instrument in violation of General Statutes § 53a-134 (a) (3). On April 26, 2013, after the petitioner entered into a plea agreement with the state, he pleaded guilty under the *Alford* doctrine to one count of home invasion in violation of General Statutes § 53a-100aa (a) (2). After a thorough canvass, the court accepted the plea, rendered a judgment of conviction and sentenced the petitioner in accordance with the plea agreement to twenty-five years imprisonment. The petitioner did not appeal from the judgment of conviction.

Thereafter, the petitioner commenced this habeas action. On February 25, 2016, the petitioner filed an amended petition for a writ of habeas corpus, alleging, among other claims, that his trial counsel had rendered ineffective assistance by failing to file a motion to dismiss the home invasion charge on the ground that it was duplicative of the first degree burglary charge. After a trial, the habeas court issued a memorandum of decision denying the petition for a writ of habeas corpus, concluding that the petitioner had failed to establish

that his trial counsel deficiently performed by not filing a motion to dismiss the home invasion charge. The habeas court found that although the petitioner's trial counsel agreed with the state's assessment that the petitioner violated the home invasion statute, he nonetheless argued, although unsuccessfully, to the court and the prosecutor that the home invasion charge should be dropped, and in any event that the petitioner should be allowed to plead to the first degree burglary charge instead of the home invasion charge. Moreover, the habeas court agreed with his trial counsel's testimony stating that there was no good faith basis on which to bring a motion to dismiss the home invasion charge in the trial court. The habeas court further concluded that, even if the petitioner's trial counsel had deficiently performed, which he had not, the petitioner was not prejudiced. The habeas court granted certification to appeal its denial, and this appeal followed. Additional facts will be set forth as necessary.

The petitioner's sole claim on appeal is that the habeas court erroneously denied his petition for a writ of habeas corpus because it concluded that trial counsel's failure to file a motion to dismiss the home invasion charge did not constitute ineffective assistance of counsel. We conclude that, as a matter of law, the petitioner waived his right to raise this claim when he pleaded guilty under the *Alford* doctrine.

We first set forth the applicable legal principles that guide our analysis. "A plea of guilty, voluntarily and knowingly made, waives all nonjurisdictional defects and defenses in the proceedings preliminary thereto." *Szarwak* v. *Warden*, 167 Conn. 10, 22, 355 A.2d 49 (1974). "In general, the only allowable challenges after a plea are those relating either to the voluntary and intelligent nature of the plea or the exercise of the trial court's jurisdiction." *State* v. *Johnson*, 253 Conn. 1, 80, 751 A.2d 298 (2000). "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett* v. *Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). Moreover, "[i]t is . . . not necessary for the trial court to canvass the defendant to determine that [he] understands that [his] plea of guilty or nolo contendere operates as a waiver of any challenge to pretrial proceedings." (Internal quotation marks omitted.) *State* v. *Johnson*, supra, 42.

In *Savage* v. *Commissioner of Correction*, 122 Conn. App. 800, 802, 998 A.2d 1247 (2010), this court dismissed an appeal in which the petitioner, after pleading guilty pursuant to the *Alford* doctrine, claimed that his trial

counsel had rendered ineffective assistance by failing to file a motion for a speedy trial and a motion to dismiss. Id. The court concluded that the petitioner waived his right to raise the claim when he pleaded guilty under *Alford.* Id.; see also *Henderson* v. *Commissioner of Correction*, 181 Conn. App. 778, 796–99, 189 A.3d 135 (petitioner waived claims unrelated to guilty plea, including ineffective assistance of counsel), cert. denied, 329 Conn. 911, 186 A.3d 707 (2018); *State* v. *Hanson*, 117 Conn. App. 436, 456–57, 979 A.2d 576 (2009) (declining to review nonjurisdictional claims made after voluntary and intelligent plea), cert. denied, 295 Conn. 907, 989 A.2d 604, cert. denied, 562 U.S. 986, 131 S. Ct. 425, 178 L. Ed. 2d 331 (2010); *McKnight* v. *Commissioner of Correction*, 35 Conn. App. 762, 765 n.6, 646 A.2d 305 (guilty plea would have waived ineffective assistance claim stemming from probable cause hearing), cert. denied, 231 Conn. 936, 650 A.2d 173 (1994). Additionally, in *State* v. *Christensen*, 157 Conn. App. 290, 291, 115 A.3d 1138 (2015), a direct appeal from the defendant's conviction, this court determined that the defendant waived his claims that the trial court improperly denied his motion to suppress and his conditional plea of nolo contendere when he subsequently entered into a voluntary and intelligent guilty plea.

We view *Savage* as factually and legally analogous to the present case. The petitioner in this case pleaded guilty to home invasion under *Alford* and makes no claim that his plea was not made knowingly, intelligently, or voluntarily, nor has he alleged a jurisdictional defect. As our case law makes clear, an *Alford* plea effectively waives a petitioner's right to claim a constitutional defect unrelated to the plea. *Savage* v. *Commissioner of Correction*, supra, 122 Conn. App. 800. As a result, the petitioner's claim of ineffective assistance of counsel due to his trial counsel's failure to file a motion to dismiss the home invasion charge was waived when he entered his *Alford* plea that was accepted by the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "A defendant who pleads guilty under the *Alford* doctrine does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *State* v. *Webb*, 62 Conn. App. 805, 807 n.1, 772 A.2d 690 (2001).

[2] The facts are as recited by the prosecution during the petitioner's canvass.

[3] The second of the home invasion charges was added by the state immediately prior to the trial. All references herein to the home invasion charge are to the first home invasion charge.