******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# RAUL DIAZ *v.* COMMISSIONER OF CORRECTION
## (SC 20233)

Palmer, McDonald, D'Auria, Mullins, Kahn and Ecker, Js.*

*Syllabus*

The petitioner, who had been convicted of the crime of home invasion, sought a writ of habeas corpus, claiming, inter alia, that his trial counsel had provided ineffective assistance of counsel. The habeas court denied the petitioner's habeas petition, concluding, inter alia, that the petitioner's trial counsel did not provide ineffective assistance by failing to file a motion to dismiss the home invasion charge, to which the petitioner had pleaded guilty pursuant to *North Carolina* v. *Alford* (400 U.S. 25). On the granting of certification, the petitioner appealed from the habeas court's judgment to the Appellate Court, claiming that the habeas court incorrectly concluded that his trial counsel's failure to file a motion to dismiss the home invasion charge did not constitute ineffective assistance. In affirming the habeas court's judgment, the Appellate Court declined to address the merits of the petitioner's ineffective assistance claim, concluding, instead, that the petitioner had waived that claim by virtue of the entry and acceptance of his *Alford* plea. On the granting of certification, the petitioner appealed to this court. *Held* that the Appellate Court improperly raised and decided the unpreserved issue of waiver without first providing the parties an opportunity to be heard on that issue, in contravention of this court's decision in *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.* (311 Conn. 123) (*Blumberg*), the record having reflected that the issue of waiver was not raised by the parties in the habeas court or before the Appellate Court, that the Appellate Court did not instruct the parties to file supplemental briefs before or after oral argument or otherwise instruct the parties to be prepared to discuss the waiver issue at oral argument, and that the waiver issue served as the dispositive ground on which the Appellate Court affirmed the habeas court's judgment; moreover, this court rejected the petitioner's claim that, on remand to the Appellate Court, that court should consider only his ineffective assistance claim and not the waiver claim, as the Appellate Court has discretion, within the parameters set forth in *Blumberg*, to determine whether to raise and decide an issue that was never the subject of a claim by the parties; accordingly, this court reversed the Appellate Court's judgment and remanded the case to that court with direction to determine, following briefing by the parties and in a manner otherwise consistent with this court's decision in *Blumberg*, whether it has discretion to raise and decide the waiver issue sua sponte and whether it should address the petitioner's ineffective assistance claim.

Argued November 20, 2019—officially released April 7, 2020

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Oliver, J.*; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to the Appellate Court, *DiPentima, C. J.*, and *Elgo* and *Bear, Js.*, which affirmed the habeas court's judgment, and the petitioner, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Deren Manasevit*, assigned counsel, for the appellant (petitioner).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *Matthew Gedansky*, state's attorney,

and *Melissa Patterson* and *David M. Carlucci*, assistant state's attorneys, for the appellee (respondent).

*Opinion*

PALMER, J. The petitioner, Raul Diaz, appeals, following our grant of certification, from the judgment of the Appellate Court, which affirmed the judgment of the habeas court denying his amended petition for a writ of habeas corpus alleging ineffective assistance of counsel. See *Diaz* v. *Commissioner of Correction*, 185 Conn. App. 686, 687, 691, 198 A.3d 171 (2018). The petitioner asserts, and the respondent, the Commissioner of Correction, agrees, that the Appellate Court improperly raised and decided the unpreserved issue of waiver without first providing the parties with an opportunity to be heard on that issue in contravention of *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 84 A.3d 840 (2014) (*Blumberg*). We agree and, accordingly, reverse the judgment of the Appellate Court and remand the case to that court for further proceedings in accordance with this opinion.

The following facts and procedural history, as set forth in the opinion of the Appellate Court, are relevant to our resolution of this appeal. "On October 27, 2011, the petitioner entered the Ellington home of the seventy-seven year old victim when he was not there. While the petitioner was still in the home, the victim returned. The petitioner asked the victim to step aside so that he could flee the home, but the victim refused. The petitioner struck the victim with a jewelry box, resulting in a laceration [to the victim's] head and a broken nose and cheekbone. After taking the victim's wallet and car keys, the petitioner fled in the victim's car but was later apprehended.

"The petitioner was charged in a substitute information with two counts of home invasion in violation of General Statutes § 53a-100aa,[1] two counts of burglary in the first degree in violation of General Statutes § 53a-101 (a) (1) and (2), one count of larceny in the third degree in violation of General Statutes § 53a-124, one count of larceny in the fourth degree in violation of General Statutes § 53a-125, one count of assault in the second degree in violation of General Statutes § 53a-60b, and one count of robbery in the first degree involving a dangerous instrument in violation of General Statutes § 53a-134 (a) (3). On April 26, 2013, after the petitioner entered into a plea agreement with the state, he pleaded guilty under the *Alford* doctrine[2] to one count of home invasion in violation of § 53a-100aa (a) (2). After a thorough canvass, the court accepted the plea, rendered a judgment of conviction and sentenced the petitioner in accordance with the plea agreement to twenty-five years imprisonment. The petitioner did not appeal from the judgment of conviction.

"Thereafter, the petitioner commenced this habeas action. On February 25, 2016, the petitioner filed an

amended petition for a writ of habeas corpus, alleging, [inter alia], that his trial counsel had rendered ineffective assistance by failing to file a motion to dismiss the home invasion charge on the ground that it was duplicative of the first degree burglary charge. After a trial, the habeas court issued a memorandum of decision [and denied] the petition . . . [agreeing with the respondent] that the petitioner had failed to establish that his trial counsel deficiently performed by not filing a motion to dismiss the home invasion charge. The habeas court found that, although the petitioner's trial counsel agreed with the state's assessment that the petitioner violated the home invasion statute, he nonetheless argued, [albeit] unsuccessfully, to the [trial] court and the prosecutor that the home invasion charge should be dropped, and in any event that the petitioner should be allowed to plead to the first degree burglary charge instead of the home invasion charge. Moreover, the habeas court agreed with his trial counsel's testimony . . . that there was no good faith basis on which to bring a motion to dismiss the home invasion charge in the trial court. The habeas court further concluded that, even if the petitioner's trial counsel had deficiently performed, which he had not, the petitioner was not prejudiced." (Footnote added; footnote in original.) *Diaz* v. *Commissioner of Correction*, supra, 185 Conn. App. 687–89.

The petitioner thereafter filed a petition for certification to appeal, which the habeas court granted, and the petitioner then appealed to the Appellate Court. The petitioner claimed on appeal that the habeas court incorrectly concluded that his trial counsel's failure to file a motion to dismiss the home invasion charge did not constitute ineffective assistance of counsel. Id., 689. In response, the respondent renewed the argument that he had made in the habeas court, namely, that the petitioner's claim of ineffective assistance lacked merit. In its opinion affirming the judgment of the habeas court, however, the Appellate Court did not address the merits of the petitioner's contention that his counsel had rendered ineffective assistance. Rather, the Appellate Court affirmed the habeas court's judgment on an altogether different ground, namely, that the petitioner had waived his ineffective assistance claim by virtue of the entry and acceptance of his *Alford* plea. Id., 691. The Appellate Court resolved the appeal on the basis of waiver even though the respondent had not raised a claim of waiver, either in the habeas court[3] or in the Appellate Court, and without first affording the parties the opportunity to be heard on the issue of waiver.

We thereafter granted the petitioner's petition for certification to appeal to this court, limited to the following issue: "Did the Appellate Court properly affirm the judgment of the habeas court on a legal ground that was not raised or decided in the habeas court and never raised or briefed by the parties in the Appellate Court?"

*Diaz* v. *Commissioner of Correction*, 330 Conn. 954, 198 A.3d 86 (2018). We answer that question in the negative.

"[T]he Appellate Court's decision to raise an unpreserved issue sua sponte in exceptional circumstances is subject to review of abuse of discretion." *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, supra, 311 Conn. 167–68. It is well settled that "appellate courts generally do not consider issues that were not raised by the parties . . . [because] our system is an adversarial one in which the burden ordinarily is on the parties to frame the issues." (Citation omitted; internal quotation marks omitted.) *State* v. *Connor*, 321 Conn. 350, 362, 138 A.3d 265 (2016); see also *Murphy* v. *EAPWJP, LLC*, 306 Conn. 391, 399, 50 A.3d 316 (2012) (claim must be distinctly raised at trial to be preserved for appeal). "[O]nly in [the] most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court. . . . The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Citations omitted; internal quotations marks omitted.) *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, supra, 142.

"[W]ith respect to the propriety of a reviewing court raising and deciding an issue that the parties themselves have not raised . . . the reviewing court (1) must do so when that issue implicates the court's subject matter jurisdiction, and (2) has the discretion to do so if (a) exceptional circumstances exist that would justify review of such an issue if raised by a party, (b) the parties are given an opportunity to be heard on the issue, and (c) there is no unfair prejudice to the party against whom the issue is to be decided." Id., 128. Exceptional circumstances exist when "the interests of justice, fairness, integrity of the courts and consistency of the law significantly outweigh the interest in enforcing procedural rules governing the preservation of claims."[4] Id., 160. To satisfy concerns of fundamental fairness, "at a minimum, the parties must be provided sufficient notice that the court intends to consider an issue. It is implicit that an opportunity to be heard must be a *meaningful* opportunity . . . . The parties must be allowed time to review the record with that issue in mind, to conduct research, and to prepare a response." (Citation omitted; emphasis in original.) *State* v. *Connor*, supra, 321 Conn. 372; see also *CCT Communications, Inc.* v. *Zone Telecom, Inc.*, 327 Conn. 114, 126 n.9, 172 A.3d 1228 (2017) ("*Blumberg* . . . calls for supplemental briefing when a reviewing court raises an *unpreserved* issue *sua sponte*" (emphasis in original)). Additionally, "[p]rejudice may be found, for example,

when a party demonstrates that it would have presented additional evidence or that it otherwise would have proceeded differently if the claim had been raised at trial." *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, supra, 156–57.

In accordance with these principles, a reviewing court has discretion to determine, on a case-by-case basis, whether consideration of an unpreserved issue sua sponte is appropriate. Moreover, "we will not reverse the Appellate Court's decision to raise [an unpreserved issue] sua sponte simply because we might have reached a different conclusion." Id., 169. In other words, we will not second-guess the Appellate Court's decision to raise an unpreserved issue, as long as that decision is reasonable. Like this court, however, the Appellate Court must articulate "specific reasons, based on the exceptional circumstances of the case, to justify a deviation from the general rule that unpreserved claims will not be reviewed." Id., 161.

The record reflects that the issue of waiver was not raised by the parties in the habeas court or in the Appellate Court. The Appellate Court did not instruct the parties to file supplemental briefs before or after oral argument; nor did it direct the parties to be prepared to discuss the waiver issue at oral argument. Cf. *State* v. *Connor*, supra, 321 Conn. 371–72 (issuing order instructing parties to be prepared to discuss certain issue at oral argument may be sufficient to satisfy requirement of meaningful opportunity to be heard). The issue first arose in the opinion of the Appellate Court and served as the dispositive ground on which the Appellate Court affirmed the habeas court's judgment. Therefore, because the parties were not provided an opportunity to be heard on waiver, it was improper for the Appellate Court to raise and decide that issue. For that reason, the judgment of the Appellate Court must be reversed.

We briefly address the issue of the proper scope of our remand order. The petitioner contends that we should remand the case to the Appellate Court with direction to consider only his ineffective assistance claim because there are no exceptional circumstances that would justify review of the unpreserved waiver issue and also because he would be unfairly prejudiced if that claim were considered for the first time on appeal. The respondent disagrees with both of these contentions and maintains that we should remand the case to the Appellate Court with direction to allow the parties to brief the waiver issue in that court. Although the parties, in their briefs to this court, have addressed the question of whether the waiver issue properly may be raised sua sponte on appeal and, if so, whether the petitioner's *Alford* plea constituted a waiver of his ineffective assistance claim, we decline the petitioner's invitation to reach those issues. As we have explained, the

Appellate Court has discretion, within the parameters set out in *Blumberg*, to determine whether to raise and decide an issue that was never the subject of a claim by the parties. Moreover, on remand, the Appellate Court may elect simply to address the ineffective assistance claim that the petitioner raised on appeal irrespective of any discretion it may have under *Blumberg* to raise and decide the issue of waiver sua sponte. See *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, supra, 311 Conn. 143 ("a reviewing court is not *bound* to consider claims that were not raised at trial," even if such review would be in scope of reviewing court's discretion [emphasis in original]). Accordingly, we remand the case to the Appellate Court so that it may decide, following briefing by the parties and in a manner otherwise consistent with our decision in *Blumberg*, how best to proceed.[5]

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.

* This case originally was scheduled to be argued before a panel of this court consisting of Justices Palmer, McDonald, D'Auria, Mullins, Kahn and Ecker. Although Justice McDonald was not present when the case was argued before the court, he has read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision.

[1] "The second of the home invasion charges was added by the state immediately prior to the trial. All references herein to the home invasion charge are to the first home invasion charge." *Diaz* v. *Commissioner of Correction*, supra, 185 Conn. App. 688 n.3.

[2] "See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). A defendant who pleads guilty under the *Alford* doctrine does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *Diaz* v. *Commissioner of Correction*, supra, 185 Conn. App. 687 n.1; accord *State* v. *Simms*, 211 Conn. 1, 3–4, 557 A.2d 914 (1989).

[3] In his brief to this court, the respondent contends that he did not waive or otherwise abandon a claim that the petitioner had waived his claim of ineffective assistance because, in his return, which the respondent filed in response to the petitioner's amended habeas petition, he alleged that the petitioner's ineffective assistance claim should be dismissed for failure to state a claim and on the basis of procedural default due to his *Alford* plea. We express no view on this contention. Nevertheless, we do not understand the respondent to be disputing that he did not distinctly raise a claim of waiver in the habeas court.

[4] In *Blumberg*, we provided a nonexhaustive list of circumstances that may qualify as exceptional circumstances. See *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, supra, 311 Conn. 158–60. In doing so, we observed that the difficulty in formulating clear and consistent rules governing the review of unpreserved claims "reflects the reality that the decision to review an unpreserved claim is necessarily case specific, and it is impossible to anticipate all of the circumstances that may frame the presentation of an unpreserved claim." Id., 160 n.31.

[5] The petitioner, in reliance on *State* v. *Connor*, supra, 321 Conn. 350, asserts that we should remand the case to the Appellate Court with direction to consider only his claim of ineffective assistance because, as a matter of law, he will be prejudiced if the Appellate Court considers the waiver issue. That case is distinguishable from the present appeal. In *Connor*, we concluded that the Appellate Court improperly decided the appeal against the state on the basis of an unpreserved issue because it had failed to afford the state an opportunity to be heard; id., 372; and we then remanded that case to the Appellate Court with direction to consider only the issue that the defendant raised on appeal before the Appellate Court. Id., 375. We

observed that, in accordance with *Blumberg*, "once [a] party makes a color-able claim of . . . prejudice, the burden shifts to the other party to establish that the first party will not be prejudiced by the reviewing court's consider-ation of the issue." (Internal quotation marks omitted.) Id., 373–74. Because the state made a colorable claim that it would be unfairly prejudiced by consideration of the unpreserved issue and the defendant failed to advance *any* rebuttal of that argument, we concluded that the defendant failed to meet his burden of overcoming the presumption that the state was unfairly prejudiced and, therefore, that it would be inappropriate for the Appellate Court to have considered the unpreserved issue on remand. See id., 374. By contrast, in the present case, although the petitioner claims that he will be prejudiced by the Appellate Court's consideration of the waiver issue on remand, the respondent has offered counterarguments to that claim, and, on remand, the Appellate Court will be able to assess whether review of the waiver issue is appropriate. Furthermore, as we have noted, the Appellate Court may choose to address the ineffective assistance claim that the habeas court decided, regardless of whatever discretion it may have under *Blumberg* to raise the waiver issue.

———————————————