******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RAUL DIAZ *v.* COMMISSIONER OF CORRECTION
(AC 39651)

Elgo, DiPentima and Bear, Js.

*Syllabus*

The petitioner, who had been convicted, on a guilty plea, of the crime of
home invasion, sought a writ of habeas corpus, claiming, inter alia, that
his trial counsel had provided ineffective assistance. The habeas court
rendered judgment denying the habeas petition, from which the peti-
tioner, on the granting of certification, appealed to this court. On appeal,
he claimed that the habeas court incorrectly concluded that his trial
counsel's failure to file a motion to dismiss the home invasion charge,
to which the petitioner had pleaded guilty pursuant to *North Carolina*
v. *Alford* (400 U.S. 25), did not constitute ineffective assistance. *Held*
that the petitioner could not prevail on his claim of ineffective assistance
of counsel, as he failed to demonstrate that he was prejudiced by his
trial counsel's alleged deficient performance; there was no evidence in
the record showing that, but for his trial counsel's alleged deficient
performance, the petitioner would have insisted on going to trial, and
there was nothing to indicate that the dismissal of the home invasion
charge would have resulted in any meaningful reduction in the petition-
er's exposure to a lengthy period of incarceration.

Submitted for disposition October 15—officially released November 10, 2020

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Tolland and tried to the court, *Oliver, J.*; judgment
denying the petition, from which the petitioner, on the
granting of certification, appealed to this court, *DiPen-
tima, C. J.*, and *Elgo* and *Bear, Js.*, which affirmed
the habeas court's judgment, and the petitioner, on the
granting of certification, appealed to the Supreme
Court, which reversed the judgment of this court and
remanded the case to this court for further proceed-
ings. *Affirmed.*

*Deren Manasevit*, assigned counsel, for the appel-
lant (petitioner).

*Melissa Patterson*, assistant state's attorney, with
whom, on the brief, were *Matthew C. Gedansky*, state's
attorney, and *David M. Carlucci*, assistant state's attor-
ney, for the appellee (respondent).

*Opinion*

BEAR, J. This case returns to this court on remand from our Supreme Court. The petitioner, Raul Diaz, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The sole question presented by the petitioner on appeal is "[d]id the habeas court erroneously conclude that trial counsel's failure to file a motion to dismiss the charge of home invasion did not constitute ineffective assistance under *Strickland* v. *Washington* [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]?" The petitioner had pleaded guilty to that charge pursuant to the *Alford* doctrine.[1]

This court, however, affirmed the judgment of the habeas court, after raising, sua sponte, the issue of whether the petitioner had waived his right to raise a claim of ineffective assistance of counsel and deciding that the petitioner did in fact waive that right by pleading guilty under the *Alford* doctrine. *Diaz* v. *Commissioner of Correction*, 185 Conn. App. 686, 689, 198 A.3d 171 (2018), rev'd, 335 Conn. 53, 225 A.3d 953 (2020). The petitioner then appealed the judgment of this court to our Supreme Court, alleging that this court "improperly raised and decided the unpreserved issue of waiver without first providing the parties with an opportunity to be heard on that issue . . . ." *Diaz* v. *Commissioner of Correction*, 335 Conn. 53, 54, 225 A.3d 953 (2020). Our Supreme Court granted the petition for certification to appeal, "limited to the following issue: 'Did the Appellate Court properly affirm the judgment of the habeas court on a legal ground that was not raised or decided in the habeas court and never raised or briefed by the parties in the Appellate Court?' " Id., 57. Our Supreme Court answered that question in the negative and remanded the case to this court with the following rescript: "The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings in accordance with this opinion." Id., 62. The rescript of our Supreme Court presents this court with two possible courses of action. The first is to proceed "in a manner . . . consistent with [its] decision in *Blumberg* [*Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 143, 84 A.3d 840 (2014)]" with respect to the waiver issue. *Diaz* v. *Commissioner of Correction*, supra, 335 Conn. 61. The second is to decide the petitioner's appeal on the basis of his ineffective assistance of counsel claim, which previously has been briefed and argued by the parties. We take the latter course of action and affirm the judgment of the habeas court.

The following factual and procedural background is relevant to our resolution of the petitioner's appeal on remand.[2] On October 27, 2011, the petitioner entered the Ellington home of the seventy-seven year old victim when the victim was not present. While the petitioner

was still in the home, the victim returned. The petitioner asked the victim to step aside so that he could flee the home, but the victim refused. The petitioner then struck the victim with a jewelry box, which resulted in a laceration on his head, as well as a broken nose and cheekbone. After taking the victim's wallet and car keys, the petitioner fled in the victim's car and later was apprehended.

The petitioner was charged in a substitute information with two counts of home invasion in violation of General Statutes § 53-100aa,[3] two counts of burglary in the first degree in violation of General Statutes § 53a-101 (a) (1) and (2), one count each of larceny in the third degree in violation of General Statutes § 53a-124, larceny in the fourth degree in violation of General Statutes § 53a-125, assault in the second degree in violation of General Statutes § 53a-60b, and robbery in the first degree involving a dangerous instrument in violation of General Statutes § 53a-134 (a) (3). On April 26, 2013, after the petitioner entered into a plea agreement with the state, he pleaded guilty under the *Alford* doctrine to one count of home invasion in violation of § 53a-100aa (a) (2). After a thorough canvass, the court accepted the plea, rendered a judgment of conviction, and sentenced the petitioner in accordance with the plea agreement to twenty-five years of imprisonment. The petitioner did not appeal from the judgment of conviction.

Thereafter, the petitioner commenced this habeas action. On February 25, 2016, the petitioner filed an amended petition for a writ of habeas corpus, alleging, among other claims, that his trial counsel had rendered ineffective assistance by failing to file a motion to dismiss the home invasion charge on the ground that it was duplicative of the burglary in the first degree charge. After a trial, the habeas court denied the petition for a writ of habeas corpus. In its memorandum of decision, the court concluded that the petitioner had failed to establish both that his trial counsel deficiently performed by not filing a motion to dismiss the home invasion charge and that there was prejudice to him as result of trial counsel's decision not to file such a motion. The court found that, although the petitioner's trial counsel had agreed with the state's assessment that the petitioner had violated the home invasion statute, he nonetheless argued, although unsuccessfully, to the court and the prosecutor that the home invasion charge should be dropped and that, in any event, the petitioner should be allowed to plead to the burglary in the first degree charge instead of the home invasion charge. Moreover, the court agreed with the testimony of the petitioner's trial counsel that there was no good faith basis on which to bring a motion to dismiss the home invasion charge in the trial court. After the court rendered its judgment denying the habeas petition, the petitioner filed a petition for certification to appeal to

this court, which the habeas court granted.

In addressing the petitioner's sole claim on appeal, we first set forth the applicable standard of review. Although "[t]he underlying historical facts found by the habeas court may not be disturbed unless the findings were clearly erroneous"; (internal quotation marks omitted) *Mozell* v. *Commissioner of Correction*, 87 Conn. App. 560, 564–65, 867 A.2d 51, cert. denied, 273 Conn. 934, 875 A.2d 543 (2005); "the effectiveness of an attorney's representation of a criminal defendant is a mixed determination of law and fact that . . . requires plenary review . . . ." (Internal quotation marks omitted.) *Ledbetter* v. *Commissioner of Correction*, 275 Conn. 451, 458, 880 A.2d 160 (2005), cert. denied sub nom. *Ledbetter* v. *Lantz*, 546 U.S. 1187, 126 S. Ct. 1368, 164 L. Ed. 2d 77 (2006). "To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, [supra, 466 U.S. 687]. *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong." (Internal quotation marks omitted.) *Small* v. *Commissioner of Correction*, 286 Conn. 707, 712–13, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). When reviewing a claim of ineffective assistance of counsel, a "court can find against a petitioner on *either* ground, whichever is easier." (Emphasis added.) *Valeriano* v. *Bronson*, 209 Conn. 75, 86, 546 A.2d 1380 (1988). To satisfy the prejudice prong of *Strickland*, "a claimant must demonstrate that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Ledbetter* v. *Commissioner of Correction*, supra, 458, quoting *Strickland* v. *Washington*, supra, 694. However, in the context of a guilty plea, our Supreme Court has determined that, "[u]nder the test in *Hill* [v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)], in which the United States Supreme Court modified the prejudice prong of the *Strickland* test for claims of ineffective assistance when the conviction resulted from a guilty plea, the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." [4] (Internal quotation marks omitted.) *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 833, 950 A.2d 1220 (2008).

On appeal, the petitioner argues that his trial counsel provided ineffective assistance by failing to file a motion to dismiss the home invasion charge to which he had ultimately pleaded guilty. There was no evidence before the habeas court, however, showing that, but for his trial counsel's alleged deficient performance, the petitioner would have insisted on going to trial. Furthermore, there is nothing in the habeas record indicating that the dismissal of the home invasion charge would have

resulted in any meaningful reduction in the petitioner's exposure to a lengthy period of incarceration. The petitioner's initial exposure was, without enhancements, eighty-one years. After additional charges were added, including a second home invasion charge, the petitioner's exposure became 121 years, without enhancements. As the petitioner himself concedes, "even without the home invasion charge, [he] was charged with enough offenses to enable the court to impose what could effectively be a life long sentence. Removing the home invasion's potential . . . sentence . . . would not have denied the state the significant sentence it was seeking." For this reason, and because there is no evidence in the record to establish that, but for his trial counsel's allegedly deficient performance, the petitioner would have insisted on going to trial, the petitioner's claim of ineffective assistance of counsel cannot succeed because of his failure to demonstrate that he was prejudiced by any failure of his trial counsel. See *Washington* v. *Commissioner of Correction*, supra, 287 Conn. 833.

This conclusion is further supported by the petitioner's appellate brief, in which his arguments focus on the inapplicability of the home invasion statute and the structure of the plea agreement, instead of on the *Hill* requirement that, but for counsel's deficient performance, he would have insisted on going to trial. Specifically, the petitioner claims in his brief, without any factual support in the habeas court record, that, but for his trial counsel's alleged deficient performance, he would have "been afforded the opportunity to plead guilty to . . . a class B felony carrying a minimum sentence of five years rather than a class [A] felony carrying a minimum sentence of ten years." Thus, even if his trial counsel had filed a motion to dismiss the home invasion charge and that motion had been granted, the petitioner has failed to demonstrate a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Accordingly, the petitioner has failed to satisfy the prejudice prong of the *Hill* test, and his claim of ineffective assistance of counsel fails.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "A defendant who pleads guilty under the *Alford* doctrine does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *State* v. *Webb*, 62 Conn. App. 805, 807 n.1, 772 A.2d 690 (2001).

[2] The facts are as recited by the state during the plea canvass of the petitioner.

[3] The second of the home invasion charges was added by the state immediately prior to the petitioner's anticipated trial, which did not take place. All references herein to the home invasion charge are to the first home invasion charge to which the petitioner pleaded guilty.

[4] The petitioner did not mention the *Hill* prejudice prong in his appellate brief. The respondent, the Commissioner of Correction, in his appellate

brief, set forth the *Hill* prejudice prong as the standard to be applied in this appeal. The petitioner, in his reply brief, did not dispute the applicability of the *Hill* prejudice prong to this appeal.

———————————————————